UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

JOSHUA FIELDS,  :
    Plaintiff,  :
                         :
v.  :  C.A. No. 19-1100WES
                         :
JEFF LEVIN and SCOTT DAVIDSON,  :
    Defendants.  :

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se* Plaintiff Joshua Fields[1] has filed a complaint seeking money damages. ECF No. 4. He alleges that, in September/October 2019, he was brutally beaten by a cell mate while incarcerated at the Big Sandy United States Penitentiary located in the Eastern District of Kentucky. Invoking 42 U.S.C. § 1983,[2] he has sued the United States Probation Officer (Scott Davidson) from the District of New Hampshire who made an error in his 2014 presentence report ("PSR") and the New Hampshire Federal Defender (Jeff Levin) who represented him during the underlying 2014 criminal case and failed to correct the error. Plaintiff believes that the 2019 assault is linked to the 2014 error, despite a Court Order correcting the error entered in 2016 and a Court decision denying Plaintiff's motion for contempt of the Order in 2017. See United States v. Fields, No. 14-CR-074-01-LM, 2017 WL 4355973, at *1-2 (D.N.H. Sept. 22, 2017) (finding that "BOP has complied with the court's order and reclassified Fields based on the new PSR" and denying motion for contempt of 2016 Order that was "intended to correct

---

[1] Because he is *pro se*, Plaintiff's filings have been read with the leniency appropriate for all *pro se* litigants. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Silva v. Farrell, C.A. No. 18-650JJM, 2019 WL 2501887, at *1 (D.R.I. Jan. 15, 2019), adopted, 2019 WL 2500668 (D.R.I. Jan. 30, 2019).

[2] While Plaintiff purports to invoke § 1983, because he accuses federal officials of engaging in conduct in violation of his constitutional rights, any claim he may have more likely arises under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 392-96 (1971).

Fields's erroneous classification as a sex offender, which the BOP had imposed as a result of an error in the original PSR").

With his complaint (ECF No. 4), Plaintiff filed a motion for leave to proceed *in forma pauperis* (ECF No. 5), which was referred to me pursuant to 28 U.S.C. § 636(b)(1)(A). While Plaintiff has satisfied the IFP requirements of 28 U.S.C. § 1915(a)(1), his complaint is subject to preliminary screening under 28 U.S.C. §§ 1915A, 1915(e)(2)(B). Because neither of the only named defendants is subject to being sued – one because of immunity and the other because he is not a person acting under color of federal law – this complaint should not survive screening and the case should be dismissed without prejudice. As this Court has already observed in a decision that issued in Plaintiff's underlying criminal case on December 13, 2019,[3] Plaintiff's substantive claim appears to be that Kentucky-based prison officials at Big Sandy failed in their duty "to protect prisoners from violence at the hands of other prisoners," which is a violation of the Eighth Amendment. Lakin v. Barnhart, 758 F.3d 66, 70 (1st Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)); Calderon-Ortiz v. LaBoy-Alvarado, 300 F.3d 60, 63-64 (1st Cir. 2002). However, such a claim must be brought against the prison officials in Kentucky who purportedly failed to protect him. Because none of them are named, and if they were named, it is extremely unlikely that this Court would have personal jurisdiction over prison officials who live and work in Kentucky, Plaintiff needs to heed the advice that this Court already gave him and refile his claim against the persons he believes were responsible for the assault in the Eastern District of Kentucky. See US v. Fields, ECF No. 52 at 2-4.

I.      BACKGROUND, ANALYSIS AND RECOMMENDATION

---

[3] This decision is ECF No. 52 in United States v. Fields, No. 14-CR-074-01-LM. In the interest of clarity, I use "US v. Fields, ECF No. ___" to cite to the underlying criminal case, and "ECF No. __" to refer to filings in this case.

On October 14, 2014, Plaintiff was sentenced in the District of New Hampshire as a felon in possession of a firearm to serve fifteen years in federal prison. US v. Fields, ECF No. 18. When his sentence was amended on December 1, 2016, based on Johnson v. United States, 135 S. Ct. 2551 (2015), the Court also focused on correcting an error in the 2014 presentence report, which had resulted in his being erroneously classified by the Bureau of Prisons ("BOP") as a sex offender:

> A brand new, corrected PSR is being issued as a result of Mr. Fields's resentencing. Upon receipt of that new PSR, the Bureau of Prisons shall destroy any and all copies of Mr. Fields's original PSR within its possession and reclassify Mr. Fields based on the new PSR and without reference to any portion of the original PSR.

ECF No. 31-1 ("Order"). In 2017, Plaintiff filed a motion, alleging contempt by BOP in failing to abide by this Order; the Court considered the evidence presented and held that "BOP has complied with the court's order and reclassified Fields based on the new PSR." United States v. Fields, Criminal No. 14-CR-074-01-LM, 2017 WL 4355973, at *2 (D.N.H. Sept. 22, 2017).

More recently, in 2019, while incarcerated at Big Sandy in the Eastern District of Kentucky, Plaintiff claims that Big Sandy prison officials persisted in misclassifying him as a sex offender and intentionally placed him in a cell with an inmate who was prejudiced against sex offenders. This conduct resulted in the assault by his cellmate in September or October 2019.[4] Based on the brutality of the assault, Plaintiff suffered lacerations that required stitches and a broken left hand. Plaintiff alleges that this "constitutes cruel and unusual punishment and deliberate indifference to my medical needs, health, and safety." ECF No. 4-1 at 3.

---

[4] The date of the assault is October 2, 2019, according to the complaint. ECF No. 4 at 3. A grievance document attached to a subsequent filing by Plaintiff entitled "Allegations" identifies the date as September 29, 2019. ECF No. 6 at 1.

When Plaintiff asked to be transferred out of Big Sandy[5] in the aftermath of this incident, his motion was filed in this Court, which rejected it on December 3, 2019.  US v. Fields, ECF No. 52 at 1-2.  Citing Cameron v. United States, 506 F. Supp. 2d 92 (D.P.R. 2007), the Court held that, because Plaintiff was housed by BOP in Kentucky, it lacked jurisdiction over his petition.  US v. Fields, ECF No. 52 at 2 (citing Cameron, 506 F. Supp. 2d at 94 (court lacks jurisdiction over § 2241 petition filed by prisoner incarcerated in out-of-state prison)).  However, the Court also noted that Plaintiff seemed to be trying to assert a failure-to-protect claim under the Eighth Amendment.  Id.  To the extent that his pleading could be interpreted as seeking injunctive relief directing BOP to protect him, the Court held that it lacked personal jurisdiction over the Kentucky-based prison officials who were responsible.  Id. at 2-3.  Based on the lack of jurisdiction over an Eighth Amendment claim against BOP in Kentucky, the Court denied Plaintiff's motion without prejudice to being refiled in the United States District Court for the Eastern District of Kentucky.  Id. at 3-4.

The pending complaint echoes the Eighth Amendment claims made in Plaintiff's motion to transfer but differs from the motion in two key respects.  First, instead of asking for a transfer, it seeks only money damages.  Second, it names as defendants only the New Hampshire Probation Officer and the New Hampshire Federal Defender.  Pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2), this complaint is subject to dismissal at screening to the extent that it seeks monetary relief from a defendant who is immune or it fails to state a claim.

Plaintiff's claims against the Probation Officer fail because he is immune from claims for money damages for preparing the PSR, including if there were false statements in the PSR.  See,

---

[5] While the Court denied the motion to transfer, Plaintiff's subsequent filings indicate that he was transferred at the end of 2019 to Lee United States Penitentiary in the Western District of Virginia.  ECF No. 6 at 2.  At the Virginia facility, his case manager has taken steps to ensure that the 2016 Order is followed.  Id.

e.g., Washington v. Rivera, 939 F.3d 1239, 1243 (11th Cir. 2019); Dorman v. Higgins, 821 F.2d 133, 137-38 (2d Cir. 1987); McNulty v. Mass. Dep't of Children & Families, Civil Action No. 11-11569-GAO, 2014 WL 4965403, at *3 (D. Mass. Sept. 30, 2014); see Bouchard v. Olmsted, 775 F. App'x 701, 703 (2d Cir. 2019) ("actors preparing and presenting presentence reports should receive absolute immunity").  These courts reason that, in preparing the PSR, the probation officer performs an act inextricably intertwined with the court's judicial task of sentencing a criminal defendant.  Namey v. Reilly, 926 F. Supp. 5, 9 (D. Mass. 1996).  Based on his immunity, all claims against the Probation Officer (Defendant Davidson) must be dismissed.

Plaintiff's complaint against the Federal Defender who represented him in 2014 fails because "acting under color of federal law" is an essential element of a constitutional claim against a federal employee and federal defenders do not act under color of federal law when representing clients in federal criminal proceedings.  Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982).  Based this principle, it has repeatedly been held that the Federal Defender is "not subject to suit under Bivens."  E.g., Omran v. Bleezarde, 1:15-CV-00190-DBH, 2017 WL 2373190, at *2 (D.N.H. May 4, 2017), adopted as modified sub nom. Omran v. Lange, 2017 WL 2371144 (D.N.H. May 30, 2017), aff'd sub nom. Omran v. Bleezarde, No. 16-1638, 2018 WL 1840194 (1st Cir. Jan. 8, 2018); Barnett v. Levin, C.A. No. 1:12-CV-518-JJM, 2013 WL 684454, at *2 (D.N.H. Feb. 25, 2013).  Therefore, the complaint against Defendant Levin fails to state a claim and must be dismissed.

With both Defendants dismissed, despite what seems to be a viable Bivens claim based on a violation of the Eighth Amendment by prison officials in Kentucky, I do not recommend that the Court give Plaintiff leave to amend because this Court would lack personal jurisdiction over such officials.  Further, as this Court found when it denied the motion to transfer, Plaintiff

has not presented a record that is sufficient to warrant a transfer under 28 U.S.C. § 1631.  US v. Fields, ECF no. 52 at 4 n.1.  Therefore, I recommend that the case be dismissed without prejudice to being refiled in the Eastern District of Kentucky.

## II.     CONCLUSION

Based on the foregoing, I recommend that Plaintiff's complaint be dismissed at screening without prejudice because, as to Defendant Davidson, it seeks money damages from a defendant who is immune and because, as to Defendant Levin, it fails to state a claim.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 16, 2020